IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| WILLIAM PATRICK MILLER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:17-cv-553-GMB |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration, | ) ) ) ) ) | [wo] |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William Patrick Miller applied for supplemental security income and disability insurance benefits under the Social Security Act, alleging a disability onset date of July 28, 2013. Miller's claim was denied at the initial administrative level. Miller requested a hearing before an Administrative Law Judge ("ALJ") and the ALJ found him not disabled. Doc. 20-2 at 27. The Appeals Council denied his request for review, making the ALJ's decision the final decision of the Commissioner. Doc. 20-2 at 2. The Commissioner's final decision is subject to judicial review. 42 U.S.C. §§ 405(g) & 1383(c)(3). Miller later filed a complaint seeking review of the Commissioner's final decision in this court.

Pursuant to 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge. Docs. 21 & 22. Based upon a review of the evidentiary record,

the parties' briefs, and the relevant authority, the court finds that the Commissioner's decision is due to be reversed and remanded, as set forth below.

## I. STANDARD OF REVIEW

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth*, 703 F.2d at 1239. The court

must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Id.* (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A claimant bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

(1) Is the claimant performing substantial gainful activity?
(2) Does she have a severe impairment?
(3) Does she have a severe impairment that equals one of the specific impairments set forth in 20 C.F.R. Pt. 404, Sub pt. P, App. 1?
(4) Is the claimant able to perform past relevant work? and
(5) Is the claimant unable to perform other work given her residual functional capacity (RFC), age, education, and work experience?

*See Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); *Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III. FACTUAL BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

Miller was 45 years old on his application date. Miller had completed the twelfth grade in regular education classes and had no past relevant work. Doc. 20-6 at 4. In his request for benefits, Miller listed the following as physical and mental conditions that limit his ability to work: diabetes, blood clot in his right leg, mitrovalve prolapse, epilepsy, sleep apnea, gout, kidney problems, heart attack, and depression. Doc. 20-6 at 3.

4

At the administrative hearing, the ALJ asked Miller what conditions make him unable to work, and Miller answered that he has sleep apnea and an amputated leg. The ALJ also asked him about his diabetes, weight, seizures, and heart attack. Doc. 20-2 at 50 & 52.

The ALJ found that Miller has the following severe impairments: amputation (above the knee), diabetes mellitus, sleep-related breathing disorders, essential hypertension, and obesity. Doc. 20-2 at 29. The ALJ concluded that Miller's epilepsy, recurring abscesses, and esophagitis are non-severe impairments. Doc. 20-2 at 29. The ALJ found that Miller's impairments do not individually or collectively meet or equal any of the impairments listed in 20 C.F.R. pt. 404, Sub pt. P, App 1. Doc. 20-2 at 30.

The ALJ also found that Miller retains the RFC to perform light work with the following non-exertional limitations: he cannot stand and walk any more than three hours in combination during an eight-hour workday, he cannot use any foot controls on the right at any time, can only occasionally climb ramps and stairs, can never climb ladders, ropes, and scaffolds, can occasionally balance and stoop, and never kneel, crouch, or crawl. The ALJ found that Miller should avoid work at unprotected heights, moving mechanical parts, and can have occasional exposure to vibration, humidity, and wetness. Doc. 20-2 at 31. Ultimately, the ALJ concluded that Miller is not disabled within the meaning of the Social Security Act. Doc. 20-2 at 35.

## IV. DISCUSSION

Miller presents two issues for review: (1) whether the ALJ gave inadequate weight to non-treating consultants who had not met the claimant or reviewed the whole record,[1] and (2) whether the ALJ erred in failing to assess Miller's cognitive impairments of depression and encephalopathy. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed. Having carefully considered the parties' arguments, the record, and the applicable legal authority, and for the reasons set forth below, the undersigned finds that the Commissioner's decision is due to be reversed and remanded.

Miller argues that he claimed to be suffering from depression in his application for benefits and that his depression, cognitive issues, and encephalopathy were noted in the medical records, but that the ALJ did not mention these impairments in her decision. Miller expands on his statement of the issues to argue that the ALJ did not consider his living situation. Miller's argument on this issue is underdeveloped, resting essentially on the assertion that the ALJ did not consider any cognitive impairment or depression.

The ALJ did, in fact, mention encephalopathy in the decision and note that Miller lives with his mother. Doc. 20-2 at 31 & 32. The court agrees with Miller, however, that the ALJ does not expressly refer to depression in the decision. The effect of this omission is the relevant question.

---

[1] Because this case is due to be remanded on issue number two, the court does not address the first issue presented. *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1323 n.10 (11th Cir. 2015); *Spivey v. Berryhill*, 2018 WL 1546358, at *5 (M.D. Ala. Mar. 29, 2018).

The Commissioner, in defending the ALJ's decision, notes that when asked at the hearing to describe the medical problems that prevented him from working, Miller, who was represented by counsel, did not mention depression, cognitive impairments, or encephalopathy. Instead, at the hearing, Miller said he has sleep apnea and an amputated leg, and the ALJ asked whether he was still being treated for diabetes and for being overweight, and asked whether he was still having seizures and heart trouble. Doc-2 at 50 & 52. The Commissioner argues, therefore, that the ALJ was not required to investigate a claim not presented in the application for benefits and not offered at the hearing as a basis for disability, citing *Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005).

*Street* and other cases that address a claimant's responsibility in presenting impairments as a basis for a claim of disability have concluded that a claimant fails to meet his or her burden when the claimant fails to present a condition both at the hearing and in the claim for benefits. *See, e.g., Street*, 133 F. App'x at 630 (affirming an ALJ's failure to consider mental impairments where the claimant and "his counsel failed to cite anything other than a physical condition as the basis for . . . disability in his application and in his testimony at trial") (citing *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996) ("[Claimant] did not allege depression in his disability application, and he did not mention the condition during his testimony.")). The Commissioner has provided no authority, and the court is not aware of any, for the proposition that a claimant fails to meet his burden to claim a condition as a basis for disability where the condition is referenced in a claim for benefits but omitted from the trial testimony.

7

In this case, Miller claimed depression as a basis for his disability in his initial claim for benefits. Doc. 20-6 at 3. There also was medical evidence in the record documenting diagnoses and treatment for depression. *See, e.g.*, Doc. 20-11 at 4. Therefore, even though Miller did not testify about depression at his hearing, this court cannot conclude as a matter of law that Miller failed to allege depression as a condition on which he sought benefits.

The Commissioner also argues that the ALJ may not have discussed depression in her written decision, but she considered Miller's depression in reaching her decision because she did state that "all other impairments other than those enumerated above" are non-severe or not medically determinable. Doc. 20-2 at 29. The Commissioner also claims that the ALJ considered Listings 11.00 and 12.00 based on complications of diabetes mellitus, and that the failure to mention any specific mental or cognitive impairment or more thoroughly discuss encephalopathy was not in error, but was supported by a lack of evidence suggesting any condition resulted in a medically determinable or severe impairment.

In her decision, after she referred to "all other impairments," the ALJ specifically identified "epilepsy, recurring abscesses, and esophagitis" as non-severe impairments, and noted that the claimant could not remember the last time he had a seizure. Doc. 20-1 at 29. The ALJ did not mention depression in the decision. Therefore, there is no evidence before the court indicating that the ALJ determined whether depression was a severe impairment. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (stating that "when the ALJ fails to state with at least some measure of clarity the grounds for his

decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion.") (quotation omitted).

The Commissioner points out, however, that even if the ALJ erred in not indicating whether depression was a severe impairment, the error is harmless because the ALJ found that Miller had severe impairments and moved to step three of the analysis. *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824 (11th Cir. 2010). The inquiry at step three requires the ALJ to consider "every impairment alleged," singularly and in combination with other impairments. *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986). There has been considerable development of this standard in Eleventh Circuit decisions. *See Williams v. Barnhart*, 186 F. Supp. 2d 1192 (M.D. Ala. 2002) (stating that "the requirement that the combined effects of impairments be considered is universally understood, just what constitutes 'consideration' is not," even though the Eleventh Circuit "declared that the ALJ is required to make specific and well-articulated findings regarding the effect of the combination of impairments") (quoting *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987)); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (finding the standard satisfied by an ALJ's statement that the ALJ has considered "all of the evidence [and] concludes that the claimant is not suffering from any impairment, or a combination of impairments of sufficient severity").

In a previous opinion, this court concluded that the minimum level of analysis requires more than failing even to "mention the nonsevere impairment." *Chavis v. Colvin*, 2016 WL 2764713, at *6 (M.D. Ala. Apr. 21), *adopted*, 2016 WL 2637799 (M.D. Ala. May 9, 2016). Similarly, in an unpublished opinion, the Eleventh Circuit has found an

ALJ's analysis sufficient, even though the decision did not include mental limitations in the statement of the RFC, if the ALJ's decision "indicated that its conclusions were based on consideration of both her physical and mental impairments." *Ehrisman v. Astrue*, 377 F. App'x 917, 920 (11th Cir. 2010).

In her decision, although she did not invoke the Listings involving mental disorders, the ALJ did explain that she considered other Listings "because diabetes mellitus may cause symptoms or complications that are similar to other impairments." Doc. 20-2 at 30. The ALJ did not refer to depression, however, and there is no other reference in her decision to support a conclusion that she considered the impact of Miller's claimed depression. Although the ALJ specifically discussed much of Miller's medical evidence, she did not discuss the evidence of Miller's diagnoses and treatment for depression. *See* Doc. 20-2. In addition, there is at least some reason to conclude that the ALJ considered only physical impairments in combination, because her RFC analysis for Miller expressly considered the "combined effects of his physical impairments" in limiting Miller to light work with additional exertional and nonexertional limitations. Doc. 20-2 at 34.

The ALJ in this case did not do the minimum analysis mandated by case law in failing to mention or otherwise consider depression, a condition claimed by Miller and referenced in his medical records. The court concludes, therefore, that the ALJ did not adequately articulate her findings as to the effect of the combination of Miller's impairments. The Eleventh Circuit has held that failures to consider each impairment singularly and in combination to determine disability "mandate a reversal of the administrative finding that [the claimant] was not disabled." *Gibson*, 762 F.2d at 623.

Therefore, the court remands this case for further consideration under the appropriate standards. *Id.* This consideration should include all alleged impairments, including depression.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is due to be REVERSED, and this action REMANDED for further proceedings consistent with this Memorandum Opinion. A separate judgment will be entered.

DONE this 18th day of October, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE